UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Scott Andrew Kohser**                                    Civil No. 03-6194 (JNE/SRN)

     **Plaintiff,**

v.

                              **REPORT AND
                              RECOMMENDATION**

**Laurie Merth, Launie Zaffke, Robert
Feneis, Jeffery Shorba, Shelby Richardson,
Steve Huot, Joan Fabian, Marty McHugh,
Ben Brieschke, Jeffrey Peterson, Ronald
Degidio, Linda Rose, Terry Katusky, Randy
Tenge, James Kaul, and Thomas Berner,**

     **Defendants.**

Scott Kohser, pro se

Jennifer A. Service, Assistant Minnesota Attorney General, on behalf of Defendants

SUSAN RICHARD NELSON,  United States Magistrate Judge

     The above-entitled matter came before the undersigned United States Magistrate Judge on Defendants Brieschke and Shorba's Motion for Summary Judgment (Doc. No. 76), Defendants' Motion for Summary Judgment (Doc. No. 81), and Plaintiff's Motions Requesting Leave to Take Depositions of Plaintiff's Witnesses and/or Serve Affidavit/Declaration (Doc. No. 80), in Response to Defendants' Motion for a Protective Order (Doc. No. 97), to Reinstate Discovery and Stay Deadline for Summary Judgment Response (Doc. No. 98), for Default Judgment (Doc. No. 107), to Consider Consolidation of Evidence (Doc. No. 119), for a Prohibitory Injunction or a Preliminary Injunction and Temporary Restraining Order and Declaratory Judgment (Doc. No. 120), to Amend/Supplement

Proceedings (Doc. No. 124), to Amend to Conform to the Evidence (Doc. No. 127), to Supplement Pleadings (Doc. No. 132), and Requesting Permission to File Summary Judgment Motion (Doc. No. 135). The undersigned United States Magistrate Judge has jurisdiction over this matter pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

I.   BACKGROUND

A Minnesota state court found Plaintiff guilty of first-degree burglary, felony theft of a motor vehicle, and fleeing a police officer in a motor vehicle and sentenced him to a 150-month prison term. (Service Aff. Ex. A.) Plaintiff, represented by counsel, appealed his conviction to the Minnesota Court of Appeals. (Id.) The appeals court affirmed the trial court and Plaintiff is currently serving a prison sentence in the Minnesota state prison system. (Id.)

After his entry into Minnesota Department of Corrections custody, officials determined Plaintiff met the criteria for cannabis abuse and directed him to enter the TRIAD Long Term Chemical Dependency Program. (Service Aff. Ex. C.) Plaintiff entered the TRIAD program on May 4, 2001 and began treatment on May 18, 2001. (Id.) Part of the treatment required Plaintiff to talk about his criminal and chemical behavior. (Id.) Plaintiff refused to talk about his criminal offense and, according to a corrections report, "focused all his time and energy working on appealing his order for child support, and appealing his conviction on his governing offense." (Id.) Staff then barred Plaintiff from discussing his appeal with his peers "in hopes that [Plaintiff] would concentrate on his treatment plans." (Id.) Corrections officials indicate Plaintiff violated this ban and was placed on probation for violating the program rules. (Id.) Ultimately, corrections officials terminated Plaintiff's participation in the program due to his noncompliance with their directives. (Id.) Plaintiff does not allege that he was

charged with a prison rule violation or disciplined as a result of his termination from the TRIAD program.

Plaintiff claims "at times" he was only permitted two hours a week in the law library, was made to either stand up or sit on the floor when preparing his appeals, he was "constantly harassed, threatened, and targeted at the law library for attempting to do legal work," and that his outgoing legal mail was confiscated. (Pl.'s Response Defs.' Mot. Summ. J. at 2.)

Plaintiff filed the operative Amended Complaint in this action on October 29, 2004. (Amended Complaint, Doc. No. 62.) Plaintiff names as defendants a number of persons working in the TRIAD program, the Commissioner of Corrections, the Warden of Lino Lakes Correctional Facility, other current employees of the Department of Corrections, and two former employees of the Department of Corrections, Ben Brieschke and Jeffrey Shorba. (Id.) Plaintiff alleges Defendants violated several of his constitutional rights in violation of 42 U.S.C. § 1983 (2000). Plaintiff has brought various nondispositive and dispositive motions. (See Doc. Nos. 80, 97, 98, 107, 119, 120, 124, 127, 132, 135.) Defendants move for summary judgment against Plaintiff on all of his claims. (See Doc. No. 81.) Defendants Brieschke and Shorba move separately for summary judgment in their favor concerning any claims brought against them in their official capacities. (See Doc. No. 76.)

## II. PARTIES' POSITIONS

Defendants argue Plaintiff's action charges his constitutional rights were violated because: (1) he did not receive a hearing before being terminated from the TRIAD program; (2) he was terminated from the TRIAD program for refusing to discuss his governing offense; and (3) his efforts to file a pro se brief in his criminal appeal to the Minnesota Court of Appeals were frustrated by Department of

3

Corrections policies and staff.  (Defs.' Mem. Supp. Mot. Summ. J. at 3-6.)  Plaintiff argues that Defendants violated his "rights under Amendments (1st), right to petition the Government for redress of grievances, and abridging his freedom of speech, chilled access to courts; (4th), right to be secure in his papers against seizures; (5th), equal protection, self incrimination and he was deprived of his property without due process of law and compensation; (6th), chilled access to his attorney and the Courts; (14th), deprived of due process of law, equal protection of the law, prison procedures, and he was deprived of his property without due process of law."  (Pl.'s Response Defs.' Mot. Summ. J. at 1.)  Plaintiff also contends he sets forth a "retaliation and conspiracy claim 18 § 241, § 1985.  Failure to train, failure to follow policy, procedures, and/or the lack thereof."  (Id.)

Defendants contend inmates have no constitutional right to a hearing before being expelled from a treatment program even where participation in such a program would lead to a shorter period of incarceration.  (Defs.' Mem. Supp. Mot. Summ. J. at 3-4.)  Defendants argue that "the Due Process Clause is implicated only when the deprivation of liberty alleged by the inmate imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  (Id. at 3 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

Defendants further contend that Plaintiff was not compelled to incriminate himself but, in any case, "the Supreme Court has held that States may condition participation in treatment programs on an offender's willingness to admit to criminal acts, even if those admissions may later be used against him." (Id. (citing McKune v. Lile, 536 U.S. 24, 47-48 (2002)).

Finally, Defendants assert that because Plaintiff was represented on appeal from his criminal conviction, he had no constitutionally protected right to file a supplemental, pro se brief.  (Id. at 6.)

4

"Because Plaintiff was represented by counsel, he had meaningful access to the courts as a matter of law," argue Defendants.  (Id.)

### III. DISCUSSION

#### A. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In response to a motion for summary judgment, "the non-moving party" must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) & (e)).  "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  Fed. R. Civ. P. 56(e).  The evidence and all reasonable inferences are viewed in the light most favorable to the non-moving party.   Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 834-35 (8th Cir. 2002).  Pro se pleadings are more liberally construed than those drafted by an attorney.  See Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994).

A dispute about material facts is genuine only "if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party."  Landon v. N.W. Airlines, Inc., 72 F.3d 620, 624 (8th Cir. 1995).  If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then Rule 56(c) requires the entry of summary judgment against such party.  Celotex, 477 U.S. at 322-

5

23.

    **B.**    <u>**42 U.S.C. § 1983 Clams**</u>

To hold Defendants liable as individuals under 42 U.S.C. § 1983, Plaintiff must prove: (1) Defendants' conduct deprived him of constitutional rights, and (2) Defendants' actions were taken under color of state law. <u>See</u> <u>Jennings v. Davis</u>, 476 F.2d 1271, 1275 (8th Cir. 1973). Defendants contend Plaintiff cannot, as a matter of law, prove the first of these elements for any of his claims.

    **1.**    <u>**Defendants Brieschke and Shorba's Motion for Summary Judgment**</u>

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The Supreme Court has interpreted the Eleventh Amendment to provide that federal courts do not have subject matter jurisdiction over suits against non-consenting states. <u>Seminole Tribe of Fla. v. Florida</u>, 517 U.S. 44, 54 (1996). Moreover, "it is also well established that even though a State is not named a party to the action, the suit may nonetheless by barred by the Eleventh Amendment." <u>Edelman v. Jordan</u>, 415 U.S. 651, 663 (1974). "'[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.'" <u>Id.</u> (citation omitted). Thus, a suit by a private party seeking to impose a liability that must paid from public funds in the state treasury is barred by the Eleventh Amendment. <u>Id.</u> (citations omitted).

To overcome the Eleventh Amendment prohibition to suit, a state may waive its Eleventh

Amendment immunity, or Congress may lawfully abrogate that immunity. Port Authority Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). In order to determine whether a state has waived its constitutional protection, "we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" Edelman, 415 U.S. at 673 (internal citation omitted).

In this case, Defendants Brieschke and Shorba move for summary judgment in their favor to the extent they have been sued in their official capacities as correctional officials because as former employees they could not perform any injunctive relief ordered by the Court and because they are entitled to Eleventh Amendment immunity with respect to Plaintiff's claims for monetary damages. (Defs. Brieschke and Shorba's Mem. Supp. Mot. Summ. J. at 1-3.) Plaintiff concedes that no injunctive relief can be sought against the former employees. (Pl.'s Response Defs. Brieschke and Shorba's Mot. Summ. J. at 2.) But Plaintiff contends that the Eleventh Amendment does not bar an award of attorney's fees against Brieschke and Shorba. (Id. at 3.) As Defendants Brieschke and Shorba properly point out, however, to receive attorney's fees Plaintiff would have to succeed on the merits of his claims for monetary relief against these defendants. (Defs. Brieschke and Shorba's Mem. Supp. Mot. Summ. J. at 2.)

Finally, to the extent Plaintiff now claims he served these former defendants in their individual capacities, he has presented no evidence that he did so. Thus, the Court recommends granting Defendants Brieschke and Shorba's Motion for Summary Judgment (Doc. No. 76.)

### 2. Defendants' Motion for Summary Judgment

Plaintiff claims his expulsion from the TRIAD program violated his constitutional right to

procedural due process. To prove this claim, Plaintiff must first show that "there exists a liberty or property interest which has been interfered with by the State." Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989). Inmates do not have a protected liberty interest in participating in rehabilitative programming. See Staszak v. Romine, 221 F.3d 1344, available at 2000 WL 862836, at *1 (8th Cir. 2000) (per curiam); Callender v. Sioux City Residential Treatment Facility, 88 F.3d 666 (8th Cir. 1996). Thus, the Court finds that Plaintiff's procedural due process claim fails as a matter of law.

Plaintiff also claims he had a constitutional right to refuse to admit he committed the crime underlying his conviction during his appeal of that conviction and still remain in a rehabilitation program that conditions eligibility upon admission of the underlying crime. Plaintiff is mistaken. No such right exists. See McKune v. Lile, 536 U.S. 24, 47-48 (2002) (finding that correctional official may condition an inmate's participation in a treatment program on acceptance of guilt for the underlying crime). Therefore, the Court finds that Plaintiff's right-against-self-incrimination claim fails as a matter of law.

Additionally, Plaintiff argues that he had some constitutional right to personally write a brief under conditions of his choosing or otherwise have pro se access to the courts at a time when he was represented by counsel. "[T]he right of meaningful access to the courts requires prison authorities either to provide prisoners with adequate law libraries or to provide them with adequate assistance from persons trained in the law." Schrier v. Halford, 60 F.3d 1309, 1313 (8th Cir. 1995) (emphasis added). "[T]he provision of adequate legal assistance satisfies this right and relieves the state from having to provide access to a law library or its equivalent." Id. In this context, "adequate" assistance "refers not to the effectiveness of the representation, but to the adequacy of the prisoner's access to his

or her court-appointed counsel or other law-trained assistant." Id. at 1314.  It is undisputed that Plaintiff had access to an attorney during his appeal, an appeal was filed, and, in fact, Plaintiff also filed a pro se brief in support of his appeal.  Based upon the above, the Court finds that this access is adequate and, thus, Plaintiff's claim of inadequate access to the courts fails as a matter of law.

Moreover, to the extent Plaintiff also argues his Amended Complaint sets forth deprivations of rights not discussed in this report and recommendation and granted by the First, Fourth, Fifth, Sixth, or other Amendments to the U.S. Constitution as incorporated by the Fourteenth Amendment, the Court finds that these claims were not sufficiently pled to state a claim upon which relief may granted and, in any case, Plaintiff has failed to provide evidence in support of these claims sufficient to withstand Defendants' Motion for Summary Judgment.

### 3.     **Plaintiff's Motions**

Finally, Plaintiff has the following motions pending before this Court: Motion Requesting Leave to Take Depositions of Plaintiff's Witnesses and/or Serve Affidavit/Declaration (Doc. No. 80), Motion in Response to Defendants' Motion for a Protective Order (Doc. No. 97), Motion to Reinstate Discovery and Stay Deadline for Summary Judgment Response (Doc. No. 98), Motion for Default Judgment (Doc. No. 107), Motion to Consider Consolidation of Evidence (Doc. No. 119), Motion for a Prohibitory Injunction or a Preliminary Injunction and Temporary Restraining Order and Declaratory Judgment (Doc. No. 120), Motion to Amend/Supplement Proceedings (Doc. No. 124), Motion to Amend to Conform to the Evidence (Doc. No. 127), Motion to Supplement Pleadings (Doc. No. 132), and Motion Requesting Permission to File Summary Judgment Motion (Doc. No. 135).  After careful review of each of these motions, the Court finds that each motion has been rendered moot by

granting Defendants' summary judgment motions. Thus, the Court recommends denying as moot all of Plaintiff's motions.

**THEREFORE, IT IS HEREBY RECOMMENDED that:**

1. Defendants Brieschke and Shorba's Motion for Summary Judgment (Doc. No. 76) be **GRANTED** and Plaintiff's action against these defendants be dismissed;

2. Defendants' Motion for Summary Judgment (Doc. No. 81) be **GRANTED** and Plaintiff's action be dismissed in its entirety.

3. Plaintiff's Motion Requesting Leave to Take Depositions of Plaintiff's Witnesses and/or Serve Affidavit/Declaration (Doc. No. 80) be **DENIED as moot**;

4. Plaintiff's Motion in Response to Defendants' Motion for a Protective Order (Doc. No. 97) be **DENIED as moot**;

5. Plaintiff's Motion to Reinstate Discovery and Stay Deadline for Summary Judgment Response (Doc. No. 98) be **DENIED as moot**;

6. Plaintiff's Motion for Default Judgment (Doc. No. 107) be **DENIED as moot**;

7. Plaintiff's Motion to Consider Consolidation of Evidence (Doc. No. 119) be **DENIED as moot**;

8. Plaintiff's Motion for a Prohibitory Injunction or a Preliminary Injunction and Temporary Restraining Order and Declaratory Judgment (Doc. No. 120) be **DENIED as moot**;

9. Plaintiff's Motion to Amend/Supplement Proceedings (Doc. No. 124) be **DENIED as**

**moot**;

10. Plaintiff's Motion to Amend to Conform to the Evidence (Doc. No. 127) be **DENIED as moot**;

11. Plaintiff's Motion to Supplement Pleadings (Doc. No. 132) be **DENIED as moot**; and

12. Plaintiff's Motion Requesting Permission to File Summary Judgment Motion (Doc. No. 135) be **DENIED as moot**.

Dated: September 21, 2005

                       s/ Susan Richard Nelson
                       SUSAN RICHARD NELSON
                       United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 7, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.